UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>XOTIC SMOKES INC, et al.,<br><br>    Defendants. | Case No. 22-cv-07628-JSW<br><br>**ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 48, 55, 58 |

Now before the Court is the Report and Recommendation ("Report") issued by Magistrate Judge Cousins regarding the motion for default judgment filed by Plaintiff GS Holistic, LLC ("Plaintiff"). (Dkt. No. 55, Report.) The Court finds the Report well-reasoned and thorough. Having carefully considered Plaintiff's papers, relevant legal authority, and the record in this case, the Court hereby ADOPTS the Report in part.

**BACKGROUND**

Plaintiff filed its complaint on December 3, 2022 claiming trademark infringement, counterfeiting, and false designation of origin and unfair competition under the Lanham Act by Xotic Smokes, Inc. ("Xotic Smokes") as well as Messrs. Murad Alhamdani, Hashem Alhamdani, and Entesar Dargan (the "Individual Defendants"). (Dkt. No. 1, Complaint ("Compl.").) One Defendant, Hashem Alhamdani, has made one appearance in this case, but did not answer or otherwise respond to the Complaint. The remaining Defendants have not appeared or participated.

After Defendants failed to appear, Plaintiff moved for default judgment. (Dkt. No. 33, Stricken Motion for Default Judgment.) Plaintiff later struck and refiled its motion on December 27, 2023. (Dkt. No. 48, Motion for Default Judgment ("Mot.").)

On March 18, 2024, the Magistrate Judge recommended the Court grant Plaintiff's motion

for default judgment against the remaining defendants, award modified statutory damages and costs in full, and deny Plaintiff's request for injunctive and equitable relief. (Report, at 1:21-23.) Plaintiff timely filed objections to the Report on April 1, 2024. (Dkt. No. 58, Objections to Report.)

## ANALYSIS

### A. Legal Standard on a Motion for Default Judgment.

To determine if the motion for default judgment should be granted, the Court considers the following *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In analyzing these factors, courts accept as true all "well-pleaded factual allegations." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Id.* "[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal quotation marks and citation omitted).

A court considering a motion for default judgment must confirm that it has subject matter jurisdiction over the case, personal jurisdiction over the parties, and that the defendant has been adequately served. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

#### 1. Jurisdiction and Service.

The Court adopts the Magistrate Judge's analysis and conclusions on subject matter jurisdiction, personal jurisdiction, and service of process.

#### 2. Plaintiff's Motion for Default Judgment Satisfies the *Eitel* Factors as to Xotic Smokes, but Fails to Satisfy the Factors as to the Individual Defendants.

The Court ADOPTS, IN PART, the Report's analysis and conclusions on the *Eitel* factors.

2

The Court ADOPTS the Report's conclusion that Plaintiff has shown infringement of one of its three marks by Xotic Smokes. For the reasons stated below, however, the Court departs from the Report and denies, without prejudice, Plaintiff's motion for a judgment against the Individual Defendants.

Plaintiff fails to demonstrate individual liability as required by the second and third *Eitel* factors. The second and third *Eitel* factors evaluate the merits of Plaintiff's substantive claim and the sufficiency of its complaint. "Because the second and third factors are so closely related, the Court examines them together." *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 941 (N.D. Cal. 2017). In analyzing these factors, a defendant is held to admit all well-pleaded factual allegations, but not legal conclusions. *DIRECTV*, 503 F.3d at 854.

Plaintiff alleges that all three Individual Defendants are personally liable for the actions of Xotic Smokes. In this Circuit, "personal liability on the part of corporate officers has typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989)) (internal quotation marks and ellipsis omitted). In *Facebook*, for example, the Ninth Circuit held an individual defendant personally liable for tortious conduct because he "controlled and directed" the relevant corporate actions, because he "admitted" that the tortious conduct was his idea, and because it was "undisputed" that he was "the guiding spirit and central figure" of the infringing actions. *Id.* In another case, the Ninth Circuit found individual defendants personally liable where they personally formed a corporation that used an infringing name and where one defendant misleadingly testified at a U.S. Air Force hearing under the infringing name. *Comm. for Idaho's High Desert, Inc v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996).

Here, Plaintiff alleges that the Individual Defendants "authorized, directed, and/or participated in XOTIC SMOKES's offer for sale…of the Counterfeit goods" and that they were "a moving active, and/or conscious force behind XOTIC SMOKES's infringement." (Compl., ¶ 32.) Plaintiff states that "Defendants sold goods that bore all three of Plaintiff's marks," but fails to differentiate between Defendants or to plead or argue any additional facts concerning any of the

3

Individual Defendants' personal participation in the alleged trademark infringements.  (*See* Mot., at 15:27-28.)

Plaintiff's ownership and control allegations are mere legal conclusions that do not support a finding of individual liability.  "The fact that [an Individual Defendant] is an owner, officer or managing agent of [Xotic Smokes], standing alone, does not make [him] liable for the wrongful conduct of the corporation because the case law requires active, guiding participation." *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSX), 2015 WL 12731929, at *9 (C.D. Cal. May 8, 2015) (granting motion to dismiss trademark dress infringement and unfair competition claims against individual defendant where the complaint's "conclusory pleading [was] insufficient to state a claim for relief.").  Plaintiff has failed to plead or argue which—if any—of the three Individual Defendants personally participated in the infringing conduct and how they did so.

Accordingly, the Court denies, without prejudice, Plaintiff's motion for default judgment against the Individual Defendants.  Plaintiff may renew its motion only if it can buttress that motion with new, specific factual allegations that would support a finding that the Individual Defendants should be held personally liable for the actions of Xotic Smokes.

**B.  The Damages Recommended by the Magistrate Judge Are Appropriate.**

Plaintiff objects to the Magistrate Judge's determination that damages in the amount of $5,000 are appropriate and argues that the judgment should be entered in the amount of $150,000.  According to Plaintiff, a $5,000 award is "neither sufficient to compensate Plaintiff for the alleged infringement nor high enough to deter Defendants from future wrongful conduct."  (Objections to Report, at 5:13-14.)  The Court considers and rejects both objections below.

Courts have discretion to award statutory damages between $1,000 and $200,0000 for each trademark infringement, or up to $2,000,000 for willful violations.  15 U.S.C. § 1117(c).  "In determining the appropriate amount of statutory damages to award on default judgment, courts in this district have considered whether the amount of damages requested bears a plausible relationship to Plaintiff's actual damages." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014).  Here, the Magistrate Judge's recommended award is within the statutory range and is

4

more than nine times the sale price, $552.94, of the single product bearing the infringing mark which Xotic Smokes sold to Plaintiff's investigator.  (*See* Compl., ¶ 30.)

Further, "[w]hile a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." *Yelp*, 70 F. Supp. 3d at 1102.  Although statutory damages should help deter infringement, the decisionmaker is "guided by what is just in a particular case, considering the nature of the infringement, the circumstances of the infringement and the like[.]" *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2016).  The court "may consider plaintiff's conduct during litigation." *Id.*

Here, Plaintiff's general pleadings and arguments make it difficult to determine what award would be sufficient to deter Xotic Smokes from infringing on Plaintiff's trademarks in the future.  However, "[w]hen plaintiffs only show proof of a few of defendant's sales, district courts limit the damages award to *e.g.* five or ten thousand dollars per infringement[.]" *Schluter Systems, L.P.* v. *Telos Acquisition Company 10, LLC*, No. 23-cv-03856-EMC, 2024 WL 1659888 at *14 (N.D. Cal. April 16, 2024).  For example, where a plaintiff requested more than three million dollars in statutory damages but presented evidence that defendants sold only three units of counterfeit software, a court determined that $1,000 per infringed trademark was appropriate. *Microsoft Corp. v. Ricketts*, No. C 06-06712 WHA, 2007 WL 1520965 at *4 (N.D. Cal. May 24, 2007).  In another case, a court found that awarding $50,000 per violation was "reasonable" where the plaintiff plausibly alleged that (1) the individual defendant had sold more than one thousand copies of infringing software, and (2) the plaintiff had e-mail correspondence detailing specific infringing acts and an intention to continue those acts.  *Adobe Systems, Inc. v. Taveira*, No. C 08-2436 PJH, 2009 WL 506861 at *1 (N.D. Cal. 2009).

Here, Plaintiff alleges only one infringing mark, requests an award of more than two-hundred and fifty times the sales price, and presents no evidence as to the specific nature or circumstances of the infringement.  Therefore, the Court ADOPTS the Magistrate Judge's conclusions and reasoning as to Plaintiff's statutory award under 15 U.S.C section 1117(c)(1).

**C.    Plaintiff is Not Entitled to Pre-Suit Investigation Fees.**

Finally, the Court departs from the Magistrate Judge's recommendation that the Court grant

5

Plaintiff's demand for $1,782.34 in costs, including the filing fee, process server fee, and pre-suit investigation fees. (Report, at 9:16-19.) The plain language of 15 U.S.C. section 1117(a) states that Plaintiff may recover "the costs of the action." But Plaintiff does not provide any caselaw or argument to support its position that "the costs of the action" under 15 U.S.C. section 1117(a) includes pre-suit investigation fees incurred before the court case ("the action") has begun. *See GS Holistic, LLC v. MSA Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *6 (N.D. Cal. May 22, 2023) ("Plaintiff does not cite any authority for shifting the cost of pre-suit investigation to Defendants."). The Court therefore awards Plaintiff $1,164.40: the costs of Plaintiff's filing fee ($402.00) and process server fee ($762.40), but not pre-suit investigation fees ($617.94).

**CONCLUSION**

The Court ADOPTS the Report's analysis and conclusions on subject matter jurisdiction, personal jurisdiction, and service of process. The Court ADOPTS the Report's denial of Plaintiff's requests for injunctive and equitable relief. The Court also ADOPTS, IN PART, the Report's analysis and conclusions on the *Eitel* factors.

Accordingly, the Court GRANTS Plaintiff's motion for default judgment against Xotic Smokes, Inc. The Court awards Plaintiff $5,000 in statutory damages and $1,164.40 in costs.

The Court DENIES, WITHOUT PREJUDICE, Plaintiff's motion for default judgment against the Individual Defendants. Plaintiff may file a renewed motion as relates to the Individual Defendants within 30 days of this Order.

**IT IS SO ORDERED.**

Dated: June 21, 2024

_____
JEFFREY S. WHITE
United States District Judge